UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TUONG QUOC HO ) <br> a/k/a ROBERT PARKER ) <br> a/k/a HOQUOCTUONG, ) -01 <br> ) <br> Defendant. ) <br> ) <br> _____ ) <br> ) <br> VAN TUNG HO, ) <br> ) <br> Claimant. ) | No. 1:20-cr-00056-JRS-TAB |

**Order on Motion to Strike Claim and for Summary Judgment**

Defendant Tuong Quoc Ho pleaded guilty to twenty-six counts of various offenses. (J. 1, ECF No. 153.) The Court sentenced Defendant to 102 months in prison and ordered that his interest in certain subject property involved in the offenses, including bank accounts and consumer goods, be forfeited to the United States. (*Id.* at 2, 7–9.) Claimant Tung Van Ho[1], Defendant's father, made a claim on the subject property forfeited by his son. (Notice, ECF No. 179.) The United States moves for summary judgment on the grounds that Claimant failed to comply with 21 U.S.C. §

---

[1] While the Government refers to Claimant as "Van Tung Ho," he states his own name as "Tung Van Ho." (Resp. Mot. Strike and Summ. J., ECF No. 182.)

853's requirements for asserting claims on property and failed to respond to discovery requests.[2] (Mot. Strike and Summ. J., ECF No. 180.)

## I. Background

On November 1, 2022, Defendant pleaded guilty to twenty-six counts of Wire Fraud; Aggravated Identity Theft; Possession of Multiple Unauthorized Access Devices; Unlawful Transfer, Possession, or Use of a Means of Identification; and Money Laundering. (J. 1, ECF No. 153.) His plea petition listed property that he would forfeit. (ECF No. 108 at 11, 28.) The Court granted a Preliminary Order of Forfeiture on February 6, 2024. (ECF No. 151.) On February 8, 2024, the Court sentenced Defendant and ordered that he forfeit his interest in the subject property to the United States. (J. 7, ECF No. 153.) This property included bank account funds, electronics, clothing, watches, home goods, a lawn mower, and fraudulently obtained documents. The United States published notice to potential claimants with legal interests in the subject property online from February 14, 2024, to March 14, 2024. (Decl. Publication, ECF No. 180-1.)

On March 14, 2024, Claimant made a claim for the subject property. (Pet., ECF No. 179-1.) Claimant stated that he is Defendant's father and that he purchased the subject property with his own money, claiming that he was an innocent owner rather than a bona fide purchaser. (*Id.* at 6.) The United States sent discovery requests to

---

[2] The United States' motion is titled Motion to Strike Claim and for Summary Judgment, but the only relief requested in the motion is summary judgment for the United States. The motion's title and the supporting brief suggest that the Court also strike the claim, (Br. 2, ECF No. 181), but the Court may not strike the claims in ancillary proceedings under Federal Rule of Criminal Procedure 32.2, and this is not requested in the motion itself. *See United States v. Silnes*, No. 1:16-CR-00251-TWP-MJD-13, 2024 WL 3676763, at *4 n.1 (S.D. Ind. Aug. 6, 2024).

2

Claimant on July 3, 2024, and August 14, 2024, including requests for admissions, interrogatories, and requests for production. (ECF Nos. 180-2, 180-3.) He wrote discovery responses and sent them to the Court and other addresses. Claimant says that he sent copies to the United States Attorney, (Resp. First Set Interrogs. 2, 5, 8, ECF No. 176; Resp. Mot. Strike and Summ. J. 1, ECF No. 182), although the United States disputes this, (Reply Supp. Mot. Strike Claim and Summ. J. 1–2, ECF No. 183). Claimant's responses were largely that he did not know the answers to interrogatories and had no documents to produce. (Disc. Resps., ECF No. 182-1.)

## II.   Legal Standard

28 U.S.C. § 853(n) governs third party interests in criminal forfeitures. A claimant asserting an interest in forfeited property must petition the court for a hearing. 28 U.S.C. § 853(n)(2). The petition "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). If a petition does not "allege . . . all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing." *United States v. Furando*, 40 F.4th 567, 577 (7th Cir. 2022) (quoting *United States v. BCCA Holdings (Luxembourg), S.A.*, 919 F. Supp. 31, 36 (D.D.C. 1996)).

The petitioner must establish by a preponderance of the evidence that he either has some legal right in the property or is a bona fide purchaser for value. 21 U.S.C. § 853(n)(6). "Property interests are created and defined by state law." *Butner v.*

3

*United States*, 440 U.S. 48, 55 (1979). In Indiana, "ownership of personal property is determined by reference to the indicia such as title, possession, and control." *United States v. Bowser*, 834 F.3d 780, 784 (7th Cir. 2016) (citing *Rhoades v. State*, 70 N.E.2d 27, 29 (Ind. 1946)).

Federal Rule of Criminal Procedure 32.2(c) describes the ancillary proceeding the Court must hold when a third party asserts an interest in property to be forfeited. The court may grant summary judgment under Federal Rule of Civil Procedure 56 after discovery. Fed. R. Crim. P. 32.2(c)(1)(B).

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court reviews the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). The Court cannot weigh evidence or make credibility determinations on summary judgment—those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). Moreover, the Court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially

in the grant of summary judgment. Fed. R. Civ. P. 56(e). Evidence, not speculation, is needed to survive summary judgment. *Khungar*, 985 F.3d at 573.

The nonmoving party in a summary judgment motion must "respond to the moving party's properly supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial" rather than simply resting on the pleadings. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citing *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008)). More colloquially, the non-moving party must "put up or shut up." *Id.*

### III. Discussion

The non-moving party in a summary judgment motion must "put up or shut up." *Id.* Here, fatally, Claimant has not adduced evidence that establishes a genuine dispute around ownership of the subject property. Claimant's petition consists of bare assertions of ownership lacking any support. (Pet., ECF No. 179-1.) His Verified Response focuses on his contention that he did in fact provide the United States with his discovery responses, which responses he attached to his Response. (Resp. Mot. Strike and Summ. J. 1, ECF No. 182.) Regardless of whether his discovery responses reached the United States Attorney's Office, they do not provide evidence sufficient to survive summary judgment and are largely unresponsive. (Resp. First Set Interrogs., ECF No. 176; Resp. Mot. Strike and Summ. J, ECF No. 182; Disc. Resps., ECF No. 182-1.)

Claimant's only answer to questions such as his name, address, and how he acquired any of the subject property is "Unknown: Investigation Continues." (Disc.

Resps. 1, ECF No. 182-1.)  He responds to requests for production of documents showing his interest in the property with "None; Investigation Continues." (*Id.* at 7.) He refuses to admit or deny that Defendant acknowledged the property was involved in and resulted from his offense, or that Defendant had an ownership interest, while not addressing the tenth request for any indication of his own ownership interest. (*Id.* at 4.)  Claimant has not provided "indicia such as title, possession, and control" of his ownership.  *Bowser*, 834 F.3d at 784.  Claimant acknowledges that he has no evidence and will not obtain any in his petition, saying that he "lost all the receipts and bill of sale [sic] of these items." (Pet. 7, ECF No. 179-1.)  There is no genuine dispute as to his inability to prove any claim.

Claimant also argues that his son's pending appeals make summary judgment inappropriate. (Resp. Mot. Strike and Summ. J. 1, ECF No. 182.) The Court is unable to discern the relevance of the page of an order that Claimant attached from Defendant's Indiana Court of Appeals case. (Disc. Resps. 10, ECF No. 182-1.)  Even a successful appeal on the part of his son would not prove Claimant's ownership of any subject property.  In any event, that appeal was dismissed with prejudice. Order Dismissing Appeal with Prejudice, *Ho v. Indiana*, No. 24A-MI-1691, (Ind. Ct. App. Jan. 21, 2025).

Because Claimant has not put forth any evidence that shows there is a genuine issue of material fact as to his ownership of the subject property, the United States is entitled to summary judgment. Fed. R. Crim. P. 32.2(c)(1)(B); Fed. R. Civ. P. 56.

<pre>                                      Case 1:20-cr-00056-JRS-TAB   Document 188   Filed 12/30/25   Page 7 of 7 PageID #: 1654</pre>

## Conclusion

For the above reasons, the United States' Motion to Strike Claim and for Summary Judgment, (ECF No. 180), is **granted to the extent the United States is entitled to summary judgment**.

**SO ORDERED.**

Date: 12/30/2025

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Van Tung Ho
11593 Mansfield Place
Carmel, IN 46032

MaryAnn Totino Mindrum
DOJ-USAO
maryann.mindrum@usdoj.gov

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelly.rota@usdoj.gov

Terry Wayne Tolliver
Brattain Minnix Tolliver
terry@bmtindy.com

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
james.warden2@usdoj.gov

<pre>                                                     7</pre>